**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1471
_____

ANTHONY M.A. WEST,
                                    Appellant
v.

UNITED STATES OF AMERICA; ATTORNEY GENERAL UNITED STATES OF
AMERICA; DIRECTOR NATIONAL INTELLIGENCE; DIRECTOR FEDERAL
BUREAU OF INVESTIGATION; BRANDIN FILKOSKY, in her individual and official
capacities as an officer of Pennsylvania's Department of Labor and Industry; ABOLADE
AKOMOLEDE, in his individual and official capacities as a member of the
Unemployment Compensation Board of Review of Pennsylvania's Department of Labor
and Industry; POSTMASTER GENERAL OF THE UNITED STATES; UNKNOWN
AGENTS, in their official and/or individual capacities, as the case may be
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2:19-cv-00147)
District Judge: Honorable Juan R. Sánchez
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 27, 2019
Before: GREENAWAY, JR., RESTREPO and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 7, 2019)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Anthony West, proceeding in forma pauperis ("IFP"), appeals from the District Court's dismissal of his claims with prejudice after screening his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, we will affirm the District Court's judgment.

In January 2019, West filed a complaint with an attached exhibit totaling over 400 pages in the District Court against a variety of federal and state officers.[1] West claimed that his civil rights were violated over the course of nearly twenty years in a series of incidents from which he concluded that "the federal government ha[d] been inflicting on [him] a covert kind of civil death."[2] See Compl. at ECF p. 11. West requested that the

---

[1] West also named unknown anonymous defendants who he believes have been "poisoning [his] workplaces against [him], detecting from [his] computer which jobs [he is] applying for and thence poisoning prospective employers against [him], or whatever the case may be." See Compl. at ECF p. 14.

[2] West's allegations included that: (1) he was wrongfully terminated by his employer after he had "controversial thoughts in private"; (2) he was denied unemployment compensation after he refused to attend a hearing that he believed was "a corrupted process"; (3) the United States Postal Service delayed a letter that he mailed regarding his unemployment benefits "due to not one irregular event but, remarkably, to many, some of which even involve retrograde motion"; (4) police officers entered his home while he was not present to conduct a fabricated mental health check "soon after [he] had controversial private thoughts"; (5) West's subsequent applications for employment as a software engineer at various companies have not resulted in his employment at those companies; (6) numerous attorneys and non-profit organizations around the country have rejected West's requests for representation; (7) he was "drive[n] . . . out" of his usual grocery store; (8) he received two parking citations on the same day; and (9) he was "single[d] . . . out" by a barista at a coffee shop, among other allegations. See Compl. at

2

District Court "order the government to stop destroying [his] life, to remove [him] from any 'databases' (blacklists) and to tell [him] when [he] was first put on one, and why," in order to remedy the "enormous and extraordinary crime" of his "[c]overt civil death." See id. at ECF p. 78-79. He sought to have his "owed memories . . . implanted in [him] by the techniques of brain science," and to have his alleged enemies' publications "recall[ed]" and republished in his own name. See id. at ECF p. 81. West also requested "enough billions or trillions of dollars to found [his] own institutions" to "counteract[] the toxic teachings of the government's academic establishment." See id. at ECF p. 86.

After granting West's application to proceed IFP, the District Court screened his complaint and dismissed it as frivolous. The District Court concluded that West's allegations regarding his "covert civil death" were wholly incredible and that his requests for relief were implausible. The District Court also determined that, under the circumstances, granting West leave to amend would be futile. West timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We construe West's allegations liberally and exercise plenary review over the District Court's dismissal of West's complaint as frivolous. See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003).

West's essential argument on appeal is that he "personally disbelieve[s] in a conspiracy of any kind." See Appellant's Br. at p. 3. West does not explain how this

---

ECF p. 24, 29, 32, 38, 47, 62, 66-67, 73-76. West attached hundreds of pages of letters and email correspondence to his complaint.

assertion salvages his complaint from dismissal. After carefully reviewing West's lengthy complaint and his voluminous attachments, we agree with the District Court that dismissal was proper, as West seeks relief based on his contention that he has suffered a "covert civil death" over the course of decades due to the alleged actions of countless individuals across the world. See Neitzke v. Williams, 490 U.S. 319, 325 (1989) ("[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact."). Given West's allegations, the District Court did not abuse its discretion in concluding that it would be futile to grant West leave to amend his complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Accordingly, we will affirm the District Court's judgment.